1  Sark Ohanian, Esq. (SBN 208905)
   Email: sark@cz.law
2  Pejman Ben-Cohen, Esq. (SBN 226088)
   Email: pej@cz.law
3  **CARPENTER & ZUCKERMAN**
   8827 West Olympic Boulevard
4  Beverly Hills, CA 90211-3613
   Telephone: (310) 273-1230
5
6  Attorneys for Plaintiffs, CECILIE FOSS
   and CHRISTOPHER WILLIAMS

7

8

9
                    **UNITED STATES DISTRICT COURT**
10
                **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
11

12

13  CECILIE FOSS, an Individual; and          **CASE NO.:  2:22-cv-04751**
    CHRISTOPHER WILLIAMS, an
14  Individual                                **PLAINTIFFS' COMPLAINT FOR**
                                              **DAMAGES FOR:**
15               Plaintiffs,
                                              1.  **NEGLIGENCE; AND**
16
          vs.
17                                            2.  **LOSS OF CONSORTIUM**

18  UNITED STATES OF AMERICA; and
    DOES 1 to 50, Inclusive,
19
                 Defendants.
20

21

22       Plaintiffs, CECILIE FOSS ("Plaintiff Foss"), an individual, and

23  CHRISTOPHER WILLIAMS ("Plaintiff Williams"), an individual, by and through

24  their attorneys CARPENTER & ZUCKERMAN, hereby complain and allege against

25  the defendant, UNITED STATES OF AMERICA ("Defendant" or "Defendant

26  USA") and DOES 1 through 50 as follows:

27  / / /

28
                                   1
                          COMPLAINT FOR DAMAGES

## I. INTRODUCTION

1. In this action, Plaintiffs seek to recover monetary damages for injuries they suffered as a result of a motor vehicle collision which occurred in the city of West Hollywood in Los Angeles County, California on October 22, 2019.

2. On October 22, 2019, Plaintiff Foss was operating a 2011 Jaguar SJ eastbound on Fountain Avenue toward the intersection of Hayworth Avenue in the city of West Hollywood, Los Angeles County, California.

3. At that time, Defendant's employee, Alyssa Ashley Guerra, a United States Postal Employee, was operating a GM Grumman (hereinafter "Subject Postal Vehicle") of unknown vehicle year, and executed an unlawful left turn directly in front of Plaintiff Foss' vehicle, causing the subject collision ("Subject Collision").

4. Ms. Alyssa Guerra was working as a postal delivery person employed by Defendants, and each of them, and acting in the course and scope of her employment with Defendant USA and DOES 1 to 50, and each of them.

5. The registered owners of the Subject Postal Vehicle were defendants, and each of them.

6. The Subject Postal Vehicle was negligently entrusted to Ms. Alyssa Guerra by each and every other defendant.

7. Plaintiff Foss was severely injured in the Subject Collision and has since been required to undergo numerous medical procedures.

8. Plaintiff Williams is, and at all timers herein mentioned was, the husband of Plaintiff Foss and brings his claims for loss of consortium resulting from the injuries to his wife.

## II. PARTIES

9. Plaintiff Foss is, and at all times relevant herein was, a resident of the County of Los Angeles, State of California.

10. Plaintiff Williams is, and at all times relevant herein was, a resident of the County of Los Angeles, State of California.

11. Defendant USA is a sovereign nation, which has subjected itself to the jurisdiction of this Court.

12. The true names and capacities of defendants sued herein as Does 1 through 50, inclusive, are unknown to Plaintiffs, who therefore sues such defendants by such fictitious names pursuant to Code of Civil Procedure § 474.  Plaintiffs allege that each fictitiously named defendant acted or failed to act in such a manner that each has contributed in proximately causing the damages to Plaintiffs as herein alleged.  Plaintiffs will seek leave of Court to amend this complaint to set forth their true names and capacities when ascertained. Reference herein to "Defendant" or "Defendants" shall include reference to all defendants, including all named and all fictitiously named defendants.

13. Plaintiffs are informed and believe, and based upon such information and belief alleges, that at all times relevant hereto, each Defendant was the owner, agent, employee or employer of each of its co-Defendants, and in doing the acts hereinafter mentioned, each Defendant was acting within the scope of its authority and with the permission and consent of its co-Defendants, and each of them, and that said acts of each defendant was ratified by said Defendant's co-Defendants.

### III. JURISDICTION AND VENUE

14. The jurisdiction of the court over the subject matter of this action is predicated and based upon, without limitation, 39 U.S.C. § 409, 28 U.S.C. § 1346 and 28 U.S.C. § 1367.

15. Pursuant to 28 U.S.C. § 1391 venue is proper as a substantial part of the events or omissions giving rise to the claim occurred within the jurisdiction of the United States District Court for the Central District of California.

16. On or about July 12, 2021, Plaintiff timely presented an administrative claim to the United States Postal Service, NTC File No. NT202144620.
17. To date, the agency has failed to make a final disposition of the claim.

### IV. FACTS

#### A. The Collision

18. On October 22, 2019, Plaintiff Foss was operating a 2011 Jaguar SJ eastbound on Fountain Avenue toward the intersection of Hayworth Avenue in the city of West Hollywood, Los Angeles County, California.
19. At that time, Defendant's employee, Alyssa Ashley Guerra, a United States Postal Employee, was operating the Subject Postal Vehicle, and executed an unlawful left turn directly in front of Plaintiff Foss' vehicle, causing the Subject Collision.
20. Ms. Guerra operated the Subject Postal Vehicle in an unsafe manner and failed to keep a proper lookout when she initiated the improper turn directly into Plaintiff Foss' path of travel causing the Subject Collision.
21. Plaintiffs allege that at the time of the Subject Collision, Ms. Guerra was working as a delivery person in the course and scope of her employment or agency with defendants, and each of them, at the time of the Subject Collision.

#### B. Damages

22. As a factual and legal result of Defendants' negligence, carelessness, and reckless disregard for the safety of others, Plaintiff Foss was injured in her health, strength and activity, and sustained injury to her body, nervous system, and person, all of which have caused and continue to cause Plaintiff Foss great mental, physical, and nervous pain and suffering and severe emotional distress.
23. As a factual and legal result of the aforementioned negligence, Plaintiff Foss has suffered damages in an amount which exceeds the minimum jurisdictional limits of this Court, according to proof at time of trial.

24. Plaintiff Williams is, and at all timers herein mentioned was, the husband of Plaintiff Foss and brings his claims for loss of consortium resulting from the injuries to his wife.

25. As a direct, proximate and legal result of Defendants' negligence, carelessness, and reckless disregard for the safety of others, Plaintiff Williams, has been and will continue to be deprived of the consortium, love, companionship, comfort, care, assistance, protection, affection, society, financial contribution, moral support, and the loss of enjoyment of sexual relations with his wife, Plaintiff Foss, thereby causing and continuing to cause Plaintiff Williams past and future damages.

26. As a factual and legal result of the aforementioned negligence, Plaintiff Williams has suffered damages in an amount which exceeds the minimum jurisdictional limits of this Court, according to proof at time of trial.

27. Plaintiffs are informed and believe, and based upon such information and belief, allege that said injuries will result in some permanent disability to Plaintiff Foss, all to her general damages in a sum which exceeds the minimum jurisdictional limits of this Court, according to proof at time of trial.

28. As a further factual and legal result of Defendants' negligence, carelessness, and reckless disregard for the safety of others, Plaintiff Foss was required to and will have to employ physicians for medical examinations, treatments and/or care of said injuries.  Plaintiffs will ask leave of court to amend this complaint to set forth the correct amount of medical and incidental expenses when the same are fully and finally ascertained.

## COUNT 1

**For Negligence by Plaintiff Foss and Against Defendants, and Each of Them**

29. Plaintiff Foss repeats and re-alleges paragraphs 1 through 28 above as if set forth fully herein.

30. On October 22, 2019, Defendants' employee, Alyssa Ashley Guerra, a United States Postal Employee, was operating the Subject Postal Vehicle and made an unlawful and negligent turn directly in front of Plaintiff Foss' vehicle, causing the Subject Collision.

31. Ms. Alyssa Guerra was working as a postal delivery person employed by Defendants, and each of them, and acting in the course and scope of his employment with Defendant USA and DOES 1 to 50, and each of them.

32. The registered owners of the Subject Postal Vehicle were defendants, and each of them.

33. The Subject Postal Vehicle was negligently entrusted to Ms. Alyssa Guerra by each and every other defendant.

34. Plaintiff Foss was severely injured in the Subject Collision and has since been required to undergo numerous medical procedures.

35. Defendants breached their duties, without limitation, to avoid placing others in danger, and/or to keep a proper lookout, and/or to exercise reasonable, ordinary care to avoid a collision.

36. The Defendants further negligently serviced, repaired, maintained, and inspected the Subject Postal Vehicle, which proximately caused the injuries herein described.

37. The Defendants further negligently entrusted their vehicles to their operators, which proximately caused the injuries herein described and are further liable to the plaintiff pursuant to, without limitation, California Vehicle Code § 22107.

38. As a direct result of Defendants' negligence, Plaintiff Foss has suffered damages, which were reasonably foreseeable, in an amount to be determined at trial.

/ / /

/ / /

COMPLAINT FOR DAMAGES

## COUNT 2

## For Loss of Consortium by Plaintiff Williams and Against Defendants, and Each of Them

39. Plaintiff Williams repeats and realleges each and every allegation contained in the prior paragraphs.

40. Plaintiff Williams and Plaintiff Foss are, and were lawfully married at all times relevant to this action.

41. As alleged above, and as a result of the conduct of the Defendants, Plaintiff Foss sustained severe and permanent injuries and damages.

42. As a direct and proximate result of the aforementioned injuries suffered by Plaintiff Foss, Plaintiff Williams has been deprived, continues to be deprived, and expects to be deprived in the future, of his spouse's companionship, affection, love, sexual relations, conjugal fellowship, physical assistance in maintaining the family home and comfort for a non-determinable length of time, which deprivation has caused, continues to cause, and in the future is expected to cause Plaintiff Williams to suffer depression, emotional distress, loss of earning capacity, past, present, and future, and other injuries, the full extent of which has not yet been ascertained, but which will be stated according to proof at trial.

43. As a further direct and proximate result of the aforesaid conduct of Defendants, and each of them, Plaintiff Williams has sustained a loss of consortium, love, society, comfort and affection with respect to Plaintiff Foss and has thereby sustained pecuniary loss in a some within the jurisdictional limits of the Court, which will be stated according to proof at trial.

WHEREFORE, PLAINTIFFS PRAY FOR RELIEF AS FOLLOWS AGAINST DEFENDANTS, AND EACH OF THEM:

    a.    For general damages according to proof in an amount exceeding the

1  minimum jurisdiction of this court and for special damages including,
2  without limitation, for medical expenses, medication, future medical
3  expenses, other out-of-pocket expenses and economic damages, and
4  damages for loss of consortium in an amount according to proof at time
5  of trial in excess of $1,000,000.00;

    b.    For costs of suit incurred herein; and

    c.    For such other and further relief as the court may deem proper.

DATED: July 12, 2022                        CARPENTER & ZUCKERMAN

By:  /s/ Sark Ohanian
     SARK OHANIAN, Esq.
     Attorney for Plaintiffs,
     CECILIE FOSS and CHRISTOPHER WILLIAMS